# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

No. 12-560V
Filed: May 16, 2014
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| COURTNEY KLEIN and SHAWN MARK LAMBERT, parents of N.L., deceased,<br>            Petitioners,<br><br>      v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br>            Respondent. | Dismissal; DTap; IPV; HiB; PCV; Rotavirus; Death |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ron Homer, Esq.,* Conway, Homer & Chin-Caplan, P.C., Boston, MA for petitioners.
*Lara Englund, Esq*., U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Gowen,** Special Master:

      On September 4, 2012, petitioners filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that various vaccinations administered on September 14, 2010 injured their son, N.L., resulting in his death on September 18, 2010. The information in the record, however, does not show entitlement to an award under the Program. On May 12, 2014, petitioners moved for a decision dismissing this petition.

      To receive compensation under the Program, petitioners must prove either 1) that N.L. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of N.L.'s vaccinations, or 2) that N.L. suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

record did not establish any evidence that N.L. suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that N.L.'s alleged injury was vaccine-caused.

Under the Act, petitioners may not be given a Program award based on the petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioners' claim, a medical opinion addressing causation must be offered. Petitioners, however, have acknowledged that they are unable to obtain expert support for the contention that N.L's vaccinations caused his death. As such, petitioners filed a motion for a dismissal decision on May 12, 2014.

The court has reviewed the filings, including the medical records and agrees that there is insufficient medical evidence absent an expert opinion on causation and therefore a prima facie case has not been made out. The undersigned hereby GRANTS petitioners' motion. This petition is hereby DISMISSED.

## Conclusion

This petition is **dismissed.** The Clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

> **/s Thomas L. Gowen**
> Thomas L. Gowen
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), an entry of judgment can be expedited by each party, either separately or jointly, by filing a notice renouncing the right to seek review.